UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:15CV-00080-HBB

**GEORGINA SAILING**                                                                                     **PLAINTIFF**

**VS.**

**CAROLYN W. COLVIN, Acting**
**Commissioner of Social Security**                                                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

The Commissioner of Social Security denied Georgina Sailing's application for disability insurance benefits. Sailing seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Both Sailing (DN 15-1) and the Commissioner (DN 20) have filed a Fact and Law Summary. Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 12).

### FINDINGS OF FACT

Georgina Sailing is 39-years-old, has a ninth grade education, and lives with her husband and grandmother in Central City, Kentucky (Tr. 34, 480-82). For three years, Sailing worked at H&R Block doing tax preparation (Tr. 45, 480). She was fired at the end of the 2012 tax season

1

because she frequently became angry with customers and made inappropriate comments (Tr. 40, 45, 480). Sailing claims that she hears voices and feels people touching her even when there is no one else in the room with her (Tr. 42).

Sailing applied for disability insurance benefits ("DIB") under Title II, claiming that she became disabled on April 18, 2012, as a result of major depression, schizophrenia, diabetes, sponge kidney, asthma, interstitial sinusitis, pelvic adhesion disease, factor five lieden, and arthritis (Tr. 230, 234). Her application was denied initially and on reconsideration (Tr. 95, 115). Administrative Law Judge Mary S. Lassy ("ALJ") conducted a video hearing in Paducah, Kentucky, on November 19, 2013 (Tr. 13, 30). Sailing attended the video hearing in Madisonville, Kentucky, with her attorney, Brian Sisco (Tr. 30). William Harpool, a vocational expert, and Dr. Cowl, a medical expert, also appeared at the hearing (Id.). The ALJ issued an unfavorable decision on January 17, 2014 (Tr. 22).

The ALJ applied the traditional five-step sequential analysis promulgated by the Commissioner, 20 C.F.R § 404.1520; Kyle v. Comm'r of Soc. Sec., 609 F.3d 847, 855 (6th Cir. 2010), and found as follows. First, Sailing has not engaged in substantial gainful activity since April 18, 2012, her alleged onset date (Tr. 15). Second, Sailing has the severe impairments of "an affective disorder; an anxiety-related disorder; a personality disorder; type 2 diabetes mellitus; and obesity" (Id.). Third, none of Sailing's impairments or combination of impairments meets or medically equals the severity of a listed impairments from 20 C.F.R. Pt. 404, Subpt. P, App'x 1 (Tr. 16). Fourth, Sailing has the residual functional capacity ("RFC") to perform medium work with the following specifications:

> She would not be able to climb ladders, ropes, and scaffolds. She should avoid concentrated exposure to extreme cold, vibration, and hazards. She is able to understand, remember, and carry out simple

> and occasionally detailed instructions. She is able to sustain attention for simple and occasionally detailed tasks. She can interact with coworkers and supervisors in a task-focused environment, and only occasionally with the public. She can adapt to stress in an object-oriented work setting in which there are one to three step tasks.

(Tr. 17). Additionally, Sailing is unable to perform any past relevant work (Tr. 20). Fifth and finally, considering Sailing's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform (Tr. 21).

Sailing appealed the ALJ's decision (Tr. 6-7). The Appeals Council declined review (Tr. 1). At that point, the denial became the final decision of the Commissioner, and Sailing appealed to this Court (DN 1).

## CONCLUSIONS OF LAW

### A. Standard of Review

When reviewing the Administrative Law Judge's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, the Court's review of the Administrative Law Judge's decision is limited to an inquiry as to whether the Administrative Law Judge's findings were supported by substantial evidence, 42 U.S.C. § 405(g); Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the Administrative Law Judge employed the proper legal standards in reaching her conclusion. See Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993).

3

### B. Finding No. 4: Residual Functional Capacity

Sailing challenges the ALJ's residual functional capacity at Finding No. 5 (DN 15-1, at p. 3). Specifically, Sailing contends the ALJ failed to provide good reasons for discounting the opinions of Susan Lear, a consultative examiner, and Ashley Felts, a "treating therapist" (Id.). In opposition, the Commissioner argues the ALJ properly analyzed both opinions and supported her findings with substantial evidence (DN 20, at pp. 3-6).

#### 1. Susan Lear's Opinion

As to Susan Lear's opinion, Sailing believes it is entitled to great deference because Lear was the "only acceptable medical source who evaluated [her] in person" (DN 15-1, at p. 10). The ALJ's analysis, Sailing argues, fails to address "numerous relevant 404.1527 factors" and ignored the "import and context of consultative examinations" (Id.).

The regulations require Administrative Law Judges to evaluate every medical opinion in the record. 20 C.F.R. 404.1527(c). The source of a medical opinion dictates the process by which the Administrative Law Judge gives it weight. Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013). In weighing a consultative examiner's opinion, an Administrative Law Judge must evaluate the factors listed in 20 C.F.R. § 404.1527(c). These factors include the length, nature, and extent of the treatment relationship, the supportability and consistency of the opinion compared to other evidence in the record, and the source's area of specialty. 20 C.F.R. § 404.1527. Nevertheless, the regulations do not require an exhaustive factor-by-factor analysis to satisfy the rule. See Francis v. Comm'r of Soc. Sec., 414 F. App'x 802, 804 (6th Cir. 2011).

Here, the ALJ found Susan Lear's opinion should be given little weight because it was principally based on a one-time evaluation of the claimant and was not reasonably supported by the overall psychological treatment record (Tr. 20). To that end, the ALJ discussed at least three

factors from the regulations: the length and extent of the treatment relationship and the supportability of the opinion compared to the other record evidence.

After thoroughly reviewing the record, the undersigned finds the ALJ's determination is supported by substantial evidence. Susan Lear found Sailing had difficulty concentrating as evidenced by her performance on immediate memory tasks, and "[i]t is not likely she could tolerate the stress and pressures of a day-to-day work setting" (Tr. 486). Yet, the ALJ pointed to treatment notes from Sailing's counseling which indicate she "has experienced improvement in her mental state, and is rather stable" (Tr. 19). The ALJ also cited to therapy notes from September 26 and October 8 of 2012 reflecting Sailing's reports that she was feeling or doing much better (Id.).

Further, there is no evidence that the ALJ ignored the "import" of Susan Lear's consultative examination by evaluating her opinion and determining it warranted minimal weight. Sailing is correct that in certain cases consultative examinations can be important in resolving inconsistencies in the evidence or when the evidence is insufficient to make a determination. *See* 20 C.F.R. § 404.1519a(b). The regulations, however, do not require an Administrative Law Judge to afford any particular weight to consultative examinations. As such, the undersigned finds the ALJ's decision should not be disturbed.

### 2. Ashley Felts' Opinion

The ALJ also gave "little weight" to the opinion of Sailing's social worker, Ashley Felts (Tr. 20). Sailing argues the ALJ had no legitimate medical basis for giving little weight to her opinion (DN 15-1, at pp. 10-12). Although Sailing concedes Ashley Felts in not an "acceptable medical source," she maintains that Felts' opinion is still important and "should be evaluated on

key issues such as impairment severity and functional effects"[1] (Id. at p. 10).

Sailing is correct that a social worker, like Felts, does not qualify as an "acceptable medical source" under the regulations. 20 C.F.R. § 416.913(a); Payne v. Comm'r of Soc. Sec., 402 F. App'x 109, 119 (6th Cir. 2010). Rather, social workers are considered "other sources" pursuant to 20 C.F.R. § 416.913(d)(1), and their opinions are not entitled any particular weight. *See* Social Security Ruling 06-03p, 2006 WL 2329939, at *3 (Aug. 9, 2006); Hayes v. Comm'r of Soc. Sec., No. 1:09-cv-1107, 2011 WL 2633945, at *6 (W.D. Mich. June 15, 2011). Nonetheless, an Administrative Law Judge may apply the factors from 20 C.F.R. 404.1527(c) to opinion evidence from "other sources." SSR 06-03p at *4-5.

Here, the ALJ recognized that because Ashley Felts is a social worker, she falls into the "other sources" category (Tr. 20). In support of finding Felts' statements to be of little weight, the ALJ explains that the limitations outlined by Felts are not reasonably supported by the psychological treatment record, which indicated Sailing has been better with therapy (Tr. 20). As mentioned above, numerous treatment records demonstrated Sailing experienced improvement and stability in her mental state (Tr. 19).

Sailing argues that her "variable ability to function" does not constitute evidence that she can sustain work on a regular and continuing basis (DN 15-1, at p. 11). Yet because the evidence in the record indicates that Sailing improved to some degree during the relevant time period, the ALJ's decision is supported by substantial evidence. An agency's decision deserves deference "even if there is substantial evidence in the record that would have supported an opposite

---

1 Sailing admitted that Ashley Felts was an unacceptable medical source on page 11 of her Fact and Law Summary but later, in discussing the ALJ's evaluation of Felts' opinion, states "the issues related to the ALJ's rejection of treating source evidence are such that they can only be addressed by a remand for further proceedings" (DN 15-1, at p. 12).

conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001) (quoting Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). The ALJ's determination regarding Ashley Felts' opinion is supported by substantial evidence.

### 3. The ALJ's RFC Determination

Sailing also argues that in failing to afford appropriate weight to the opinions of Susan Lear and Ashley Felts, the ALJ gave her a mental RFC "which does not accurately set forth all of [her] mental impairments" (DN 15-1, at p. 19). Specifically, Sailing points to the ALJ's finding that she had moderate deficiencies in the area of concentration, persistence, and pace ("CPP"), but failed to account for this limitation in her RFC determination (Id. at p. 20). The Commissioner counters that once the ALJ discounted Lear's and Felts' opinions, it was reasonable for her to omit any additional limitations they suggested from her RFC finding (DN 20, at p. 6).

At step three in her evaluation, the ALJ found that Sailing had moderate difficulties in concentration, persistence, and pace with respect to whether Sailing could meet the criteria for Listings 12.04, 12.06, or 12.08 (Tr. 16). Comparatively, in her RFC determination, the ALJ noted that Sailing "is able to understand, remember, and carry out simple and occasionally detailed instructions [and] is able to sustain attention for simple and occasionally detailed tasks" (Tr. 17). Sailing claims that the ALJ's failure to identify moderate level CPP limitations into her RFC was clear error.

The ALJ, however, explained at the end of her step-three analysis that the limitations in the "paragraph B" criteria are not an RFC assessment, but rather, are used to rate the severity of the mental impairments at steps two and three (Tr. 17). Courts within the Sixth Circuit have found that the same language used by the ALJ here means the ALJ "believed [her] 'moderate' CPP rating

7

was fully accounted for by the limitations in [her] RFC assessment." Hill v. Comm'r of Soc. Sec., No. 14-13029, 2015 WL 4546161, at *6 (E.D. Mich. July 28, 2015); Southworth v. Comm'r of Soc. Sec., No. 12-12243, 2013 WL 3388946, at *17 (E.D. Mich. July 8, 2013).

Sailing's claim of error therefore reduces to whether substantial evidence supports the ALJ's belief that, despite her "moderate" problems with concentration, persistence, and pace, Sailing could still "sustain attention for simple and occasionally detailed tasks" and "understand, remember, and carry out simple and occasionally detailed instructions" (Tr. 17). The ALJ adopted and gave great weight to the opinion of Dr. Kalb, an impartial psychological expert (Tr. 19-20). Dr. Kalb found that Sailing has moderate difficulties in maintaining CPP when evaluating whether she met a listed impairment at step three (Tr. 678). In evaluating Sailing's ability to do work-related activities, Dr. Kalb found that Sailing is mildly restricted in understanding, remembering, and carrying out simple instructions but moderately restricted in understanding, remembering, and carrying out complex instructions (Tr. 678). The state agency physicians outlined the same restrictions as Dr. Kalb (Tr. 87, 92). Thus, the ALJ's RFC determination accurately portrays what Sailing can still do despite her concentration problems and is supported by substantial evidence.[2]

---

2 The undersigned similarly finds Sailing's claims that the ALJ's RFC determination is "exceedingly vague" and "fails to account for time off task and pace restrictions," to be meritless. The ALJ's limitations from the Paragraph B criteria have been translated into a detailed assessment in the RFC determination.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED.**

This is a final and appealable Order and there is no just cause for delay.

Copies:     Counsel